**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHOCK, an individual, | Case No.: |
| Plaintiff, | |
| v. | <u>COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C. § 1983) |
| CITY OF ELK GROVE a municipal corporation; GARRICK JURADO, in his individual capacity as a law enforcement officer for the ELK GROVE POLICE DEPARTMENT; SCOTT HART, in his individual capacity as a law enforcement officer for the ELK GROVE POLICE DEPARTMENT; YUSEF PARKER, in his individual capacity as a law enforcement officer for the ELK GROVE POLICE DEPARTMENT; and DOES 1-50, inclusive. | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## INTRODUCTION

1. On January 18, 2025, Defendant Elk Grove Police Department Officers Garrick Jurado, Scott Hart, and Yusef Parker responded to the family home of Plaintiff Jonathan Chock ("Jonathan") regarding a custody dispute. The Defendant Officers then allowed Jonathan's wife to leave the residence with their three minor children, which greatly concerned Jonatahan because his wife appeared to him to be in the midst of a mental health crisis. Jonathan attempted to explain his concerns about the safety of his children to the Defendant Officers to no avail.

2. After several minutes of discussion, the Defendant Officers aggressively charged Jonathan, who was standing outside the front door of his home. The Defendant Officers forcibly grabbed him by both arms and neck.

3. Despite Jonathan repeatedly communicating that he was not resisting, Defendant Jurado then tased him on his lower back and on his upper buttocks while the other Defendant Officers took him to the ground. At no point was there any legitimate justification for Defendant Jurado's use of the taser on a non-resistant, unarmed, and non-threatening civilian who was simply expressing his concerns about the safety of his minor children.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in Elk Grove, California, which is within this judicial district.

## PARTIES

5. Plaintiff JONATHAN CHOCK (hereinafter "PLAINTIFF" or "JONATHAN") is a competent adult, a resident of California, and a citizen of the United States. Plaintiff brings these

claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal civil rights law, and California state law.

6.    Defendant CITY OF ELK GROVE (hereinafter "Defendant CITY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF ELK GROVE POLICE DEPARTMENT (hereinafter "EPD").

7.    Defendant GARRICK JURADO (hereinafter "Defendant Jurado") was, and at all times herein is, a police officer working for the Elk Grove Police Department.

8.    Defendant SCOTT HART (hereinafter "Defendant Hart") was, and at all times herein is, a police officer working for the Elk Grove Police Department.

9.    Defendant YUSEF PARKER (hereinafter "Defendant Parker") was, and at all times herein is, a police officer working for the Elk Grove Police Department.

10.    Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictious names. Defendants DOES 1 through 50 are employees of Defendant CITY. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

11. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CITY.

12. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

14. Plaintiff filed a timely government claim with Defendant CITY on April 18, 2025, which the Defendant CITY rejected on May 9, 2025.

## FACTUAL ALLEGATIONS

15. On the evening of January 18, 2025, Defendant Elk Grove Police Department Officers Jurado, Hart, and Parker responded to a 911 phone call regarding a custody dispute at the family home of Plaintiff Jonathan Chock (hereinafter "Jonathan"). Jonathan was concerned that his wife was in the midst of a mental health crisis and did not want her to leave the home with their three minor daughters.

16. Prior to the police arriving, Jonathan called for a mental wellness check for his wife because her mental health was affecting her behavior. In retaliation, Jonathan's wife called the police on Jonathan to falsely accuse him of owning illegal guns. Upon arrival, Jonathan attempted to explain the situation to the Defendant Officers.

17. Upon arriving at the home, the Defendant Officers allowed Jonathan's wife to leave the home with the couple's three children. Jonathan immediately became concerned because he believed his children's safety was at risk with their mother. While standing outside the front door of

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

his home, in raising awareness about his concern for his children's safety and the Defendant Officer's lack of support, Jonathan engaged in a civil discussion with the Defendant Officers.

18. When it became clear that the Defendant Officers were not taking Jonathan's concerns seriously, he called 911 to report his fears for his children's safety and request that a supervising officer respond to his home. This appears to have angered the Defendant Officers.

19. After Jonathan called 911, the Defendant Officers aggressively approached Jonathan and grabbed him by the shoulders and neck to gain control over him.

20. As multiple officers held Jonathan while he repeatedly told them that he was not resisting, Defendant Jurado then tased Plaintiff on his lower back and the top of his buttocks. As Plaintiff was verbally expressing his pain and falling to the ground, Defendant Officer Jurado continued tasing Plaintiff for approximately five to ten seconds.

## DAMAGES

21. As a direct and proximate result of each of the Defendants' use of excessive force, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as a United States Citizen.

22. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Hospital and medical expenses;

    b. Loss of wages;

    c. Pain and suffering, including emotional distress;

    d. Violation of constitutional rights; and

    e. All damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

codes, and common law.

23. The conduct of Defendants was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages against Defendants JURADO, HART, PARKER, and DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. § 1983)**
*(PLAINTIFF against Defendants JURADO, HART, PARKER, and DOES 1-50]*

24. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

25. When Defendants JURADO, HART, PARKER, and DOES 1-50 grabbed Plaintiff from by shoulders and tased him while taking him to the ground, Plaintiff was unarmed, non-threatening, and compliant. Despite the fact Plaintiff never posed a threat to the safety of Defendants JURADO, HART, PARKER, and DOES 1-50, he was a victim of cruel and excessive force.

26. Defendants JURADO, HART, PARKER, and DOES 1-50's uses of force were excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

27. As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code § 52.1)**
*(PLAINTIFF against Defendants JURADO, HART, PARKER, CITY, and DOES 1-50]*

28. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth here.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

29.    Plaintiff brins his "Bane Act" claim individually for direct violation of his own rights.

30.    By their conduct described herein, Defendants JURADO, HART, PARKER, AND DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly- established rights under the United States Constitution and the California Constitution:

a.    Right to be free from excessive force.

31.    All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

32.    Pursuant to Cal. Gov. Code § 815.2, Defendant CITY is vicariously liable for the violation of rights by its employees and agents.

33.    As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE)
*(PLAINTIFF against Defendants JURADO, HART, PARKER, CITY, and DOES 1-50]*

34.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

35. At all times, Defendants JURADO, HART, PARKER, and DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

36. At all times, Defendants JURADO, HART, PARKER, and DOES -150 owed Plaintiff the duty to act with reasonable care.

37. These general duties of reasonable care and due care owed to Plaintiff by Defendants JURADO, HART, PARKER, and DOES 1-50 include but are not limited to the following specific obligations:

    a. To refrain from employing excessive force;

    b. To refrain from false detentions/arrests;

    c. To refrain from abusing their authority granted them by law;

    d. To refrain from violating Plaintiff's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

38. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

39. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code § 815.2.

40. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Battery)
*(Plaintiff against Defendants JURADO, HART, PARKER, CITY,  and DOES -150)*

41. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

42.     Defendants JURADO, HART, PARKER, and DOES 1-50, while working as policemen for ELK GROVE POLICE DEPARTMENT and acting within the course and scope of his duties, intentionally injured Plaintiff without a lawful basis.

43.     As a result of Defendants' JURADO, HART, PARKER, and DOES 1-50, Plaintiff suffered physical injuries. Defendants JURADO, HART, PARKER, and DOES 1-50 did not have legal justification for using this level of force against Plaintiff and Defendants JURADO's, HART's, PARKER's, and DOES 1-50's use of force while carrying out their law enforcement duties was an unreasonable use of force.

44.     As a direct and proximate result of Defendants JURADO's, HART's, PARKER's, and DOES 1-50's battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

45.     Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code § 815.2.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

46.     Plaintiff hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

PLAINTIFF's COMPLAINT FOR DAMAGES
**CHOCK V. CITY OF ELK GROVE**

3.    For punitive damages against Defendants JURADO, HART, PARKER and DOES 1-50 in a sum according to proof;

4.    All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5.    For the cost of suit herein incurred; and

6.    For such other and further relief as the Court deems just and proper.

Dated:  October 17, 25

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ TY CLARKE
TY CLARKE
Attorney for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607